## JAMES BYRNES vs. SHEBNAH RICH.

In an action for breach of covenants of seizin and good right to convey in a deed of land, made by the owner directly to the grantee, at the request of a third person who has purchased the land of the grantor after agreeing to convey it to the grantee in satisfaction of a debt, the measure of damages, if no consideration was actually paid by the grantee to the grantor, is the value of the land, with interest from the date of the deed.

THE facts of this case are stated in the opinion, which was delivered at November term 1856, by

SHAW, C. J. After a default in an action for breach of covenants of seizin and good title, in a deed given by the defendant to the plaintiff of a parcel of land in Melrose, described by metes and bounds, this cause came up for the assessment of damages. The question is what is the rule and measure of damages, where one conveys land with covenants of present seizin and good right to convey, when the title fails, as to the whole or part of the land described. The covenant is *in præsenti*, and broken at the time it is made; and does not, like a covenant of warranty, run with the land, and look to the future. The rule is perfectly well settled in this commonwealth; it is the amount of the consideration actually paid by the grantee to the grantor, with interest from the time of the payment. We say paid by the grantee to the grantor, which is the most common case. But there may be anomalous cases, especially where it is not a direct negotiation between the parties to the deed; but where, in a negotiation between two, there is a stipulation by one with the other, upon a certain consideration, to execute a deed and convey certain land to a third person, and a deed is given accordingly.

Such appears by the evidence to have been the present case. The plaintiff agreed to receive of one Leighton a certain lot of land in Melrose, in full satisfaction and discharge of a debt; Leighton then agreed with the defendant to purchase of him the same land, and then requested the defendant to make the deed direct to the plaintiff, with warranty; he executed it accord-

ingly, upon a large nominal consideration expressed, and handed it to Leighton, who delivered it to the plaintiff in satisfaction of his debt.

Then what was the actual consideration as between the plaintiff and defendant?

It is very clear, that the consideration expressed in the deed is no criterion; the actual consideration may be always inquired into by evidence *aliunde.* Nor is it the sum agreed to be paid to the defendant by Leighton; to that the plaintiff was a stranger. Nor is it the nominal amount of the note, which the plaintiff agreed to surrender and release to Leighton as the consideration to be by him paid for the land. That may have been a security of little value; no evidence of its value was given; and besides, to that part of the transaction, the defendant was a stranger. It seems therefore to be a case to which the ordinary general rule cannot apply, and which must be determined according to its particular circumstances, upon the general principle applicable to breaches of contract; the party shall recover a sum in damages, which will be a compensation for his loss.

The case is very similar in principle, and considerably so in its facts, to that of *Smith* v. *Strong,* 14 Pick. 128. It was there laid down that, in such case, the measure of damages is the consideration paid, with interest from the date of the deed; but if the consideration cannot be ascertained, the value of the land, at the time of the intended conveyance, with interest from the date of the deed, will be the measure of damages.

It appears to us, that this rule will afford indemnity in the present case. If the failure of title extended to the whole of the land, then the entire value of the land is to be the measure; if to a part only, and the plaintiff does not tender a reconveyance, of the part upon which the conveyance operated to give title to the grantee, then the value of the part, the title to which failed, with interest, will be taken as the measure of damages.

We do not perceive why the testimony of Bartlett was not competent to show how the negotiation was conducted, and that no direct consideration was paid by the grantee to the

grantor, and that the deed was handed by the defendant to Leighton, and by him delivered to the plaintiff; but his testimony to the fact of what Leighton agreed to give the defendant, for reasons already stated, was not to be taken as the actual consideration for the deed.

The court are of opinion, that according to the case reserved, the case shall be submitted to another jury to assess the damages upon the principles herein stated, unless the parties agree upon another mode of making the assessment.

*B. F. Hallett*, for the plaintiff.

*J. H. Wakefield*, for the defendant.